UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>YANCARLOS MARTE MOREL,<br><br>Defendant | CRIMINAL No. 25-10005-AK |

GOVERNMENT'S SENTENCING MEMORANDUM

In July 2024, defendant Yancarlos Marte Morel transported 2 kilograms of fentanyl, and fentanyl analogue, from Philadelphia to Boston where he intended to deliver them to a customer. Unbeknownst to the defendant, the supposed customer was in fact a cooperating witness ("CW") for the Drug Enforcement Administration.  The CW had arranged the sale with an individual in the Dominican Republic he knew as "Ale Verta" and a second individual.  Those latter individuals sent the defendant to Boston deliver the fentanyl and fentanyl analogue.  On July 18, 2024, the defendant met with the CW at a restaurant in Boston.  Afterward, the CW called an Uber for the defendant for a supposed meeting at a second location.  The Uber was traffic stopped and the fentanyl was found in the defendant's possession.

On February 6, 2025, the defendant pleaded guilty to an information charging one count of Conspiracy to Distribute and to Possess with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 846 & 841(b)(1)(C).  No mandatory minimum sentence applies except a supervised release term of at least three years.

The Presentence Investigation Report ("PSR") calculated defendant's Guidelines Sentencing Range ("GSR") as 37-46 months' incarceration based on a total offense level of 21 and

a Criminal History Category of I.  For the reasons set forth below, the government recommends a sentence of imprisonment of 37 months incarceration and 3 years of supervised release.

    I.        ADVISORY SENTENCING GUIDELINES

The PSR found that the defendant was accountable for 984.24 grams of fentanyl and 964.12 grams of fentanyl analogue. PSR ¶ 21. The defendant's base offense level for that quantity of drugs is initially 34. *Id*.  Because the defendant received a mitigating role adjustment (USSG § 3B1.2), *id*. ¶ 24, the defendant's base offense level became 31 pursuant to USSG § 2D1.1(a)(5). *Id*. A 3-point mitigating role adjustment was applied. *Id.* ¶ 24.  The defendant was found to be a zero-point offender and received a 2-point reduction. *Id.* ¶ 29.  Defendant's offense level was reduced 3 levels for his timely acceptance of responsibility under USSG § 3E1.1. *Id.* ¶¶ 27-28.  After a further 2-point reduction the defendant was found to be a Total Offense Level 21.  Id. ¶¶ 22, 30.  The defendant's 0 criminal history points placed him in Criminal History Category I. *Id.* ¶¶ 32-35.

Based on the above calculations, the PSR calculated defendant's GSR as 37-46 months' incarceration.  *See id.* ¶ 59.  The government agrees.

    II.        SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

Consideration of the § 3553(a) factors demonstrates that a sentence of 37 months is sufficient, but not greater than necessary, to meet the goals of sentencing.

    **A.**        **Nature of the Offense**

The defendant was a courier who agreed to travel approximately 300 miles from Philadelphia to Boston to deliver 2 kilograms of fentanyl and fentanyl analogue.  The government agreed for Guidelines purposes that the defendant played a minor/minimal role.  This does not

diminish the gravity of defendant's crime, which contributed to a killer epidemic sweeping Massachusetts and the country generally.

This Court well knows that fentanyl is a deadly drug that has wreaked havoc in the United States, and more specifically in Massachusetts, in recent years. Fentanyl remains the primary driver behind the ongoing opioid crisis, with fentanyl involved in more overdose deaths than any other illicit drug. *See* U.S. Department of Justice Drug Enforcement Administration, 2020 National Drug Threat Assessment, at 7. [1] "Nearly 70 percent of all drug overdose deaths in the United States in 2018 involved an opioid. Deaths involving synthetic opioids other than methadone—the category which includes fentanyl—increased by 10 percent according to data provided by the Centers for Disease Control and Prevention (CDC)." *Id.* "Fentanyl use and overdose deaths are more widespread across the country as the opioid crisis continues. Overall, fentanyl-involved deaths are still the most concentrated in states in the Great Lakes and Northeast of the United States." *Id.* at 12.

Massachusetts has been one of the states hardest hit by the opioid crisis and was among the top five states with the most fentanyl reports in 2019. *Id.* at 8. These statistics are not hypothetical – they describe the opioid overdose crisis occurring in this district. The epidemic is real and being felt every day by families across Massachusetts and New England.

Fentanyl analogs, often even more dangerous than fentanyl, are increasingly involved in overdose deaths. The analog that defendant trafficked, fluorofentanyl, was involved in 1,658 overdose deaths reported by 43 United States jurisdictions during July 2020 – June 2021. *See* J. Bitting et al., Notes from the Field: Overdose Deaths Involving Para-fluorofentanyl – United

---

[1] This report is available at https://www.dea.gov/sites/default/files/2021-02/DIR-008-21%202020%20National%20Drug%20Threat%20Assessment_WEB.pdf (last visited August 22, 2023).

3

States, July 2020-June 2021 (Sept. 30, 2022).[2] The number of such deaths increased 455.3% from July-December 2020 to January-June 2021. *See id.*

The defendant's crimes played a role in fueling this epidemic, and there is no telling the damage the defendant could have done to the community if he had been allowed to distribute his fentanyl and fentanyl analogue in Massachusetts. The nature of this offense requires a significant sentence of imprisonment.

### B. Specific and General Deterrence and Protection of the Public

A significant sentence of imprisonment is warranted to deter others from becoming involved in any way, role, or capacity in the trafficking of fentanyl or fentanyl analog as the dangers associated with both cannot be overstated. Individuals tempted to engage in drug trafficking must understand that any involvement with fentanyl, no matter how minimal, will have immediate and serious consequences. Imprisonment is necessary to send a strong warning to others who might otherwise consider trafficking these dangerous drugs or assisting those who do.

Considerations of specific deterrence also support the imposition of a sentence of 37 months. Unlike many defendants charged with trafficking fentanyl, defendant reported a relatively stable upbringing in the Dominican Republic with a supportive mother and grandparents. PSR ¶ 40. Defendant also chose to return to the United States without authorization in 2022. *See* PSR ¶ 41. Defendant lacks mental health issues and did not traffic fentanyl in order to feed an addiction. *Id.* ¶¶ 49-50. Defendant has employable skills as a mechanic. *Id.* ¶ 51. No one should ever engage in drug trafficking and certainly this defendant should not have. In short, this Court should

---

[2] A synopsis of this article is available at https://www.cdc.gov/mmwr/volumes/71/wr/mm7139a3.htm (last accessed August 24, 2023).

impose a significant term of imprisonment to deter this defendant from ever again engaging in drug trafficking.

### C. Avoiding Unwarranted Sentencing Disparities

According to the PSR's calculation of JSIN data, of the 323 defendants with similar guidelines (final offense level 21), drug type (fentanyl), and criminal history (I) sentenced in the last five fiscal years, the average length of sentence imposed was 26 months. As the PSR noted, these statistics do <u>not</u> account for cases in which fentanyl analogue was involved. PSR ¶ 79. To vary significantly downward or upward would create an unwarranted sentencing disparity and should be avoided.

### III. CONCLUSION

The government's sentencing recommendation considers the various factors set forth in § 3553(a) and the Sentencing Guidelines. Given these factors, the government believes that 37 months incarceration and 3 years of supervised release is an appropriate sentence and is justified by the defendant's conduct in this case and his criminal history. Such a sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Samuel R. Feldman*
Samuel R. Feldman
Assistant United States Attorney
617-748-3258

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

*/s/ Samuel R. Feldman*
Samuel R. Feldman
Assistant United States Attorney

Date: August 14, 2025